Williams, Judge,
delivered the opinion of the court:
The petition in substance alleges that prior to May 23, 1928, plaintiff was employed as the regional adjudication officer in the Milwaukee Kegional Office of the United States *636 Veterans’ Bureau, now the Veterans’ Administration; that he resigned from that office on the said date; that at the time of his resignation, there was due plaintiff the sum of $545.37, representing deductions from his salary which had been credited'to the civil-service retirement fund; that on August 28, 1928, plaintiff duly filed his application for a refund of the amount so due him, which application was on August 29, 1931, rejected by the Comptroller General, and that an appeal from the aforesaid decision was denied by the Comptroller General, on March 22, 1932; that the Comptroller General based his decision on the ground that a greater sum, to wit, $2,461.29 was due from plaintiff to the United States, as the result of irregularities practiced by plaintiff in approving a claim of a veteran for disability compensation, as a result of which plaintiff was convicted on charges growing out of his misconduct in allowing the said claim, and was sentenced to serve a year in the house of correction, and to pay a fine of $500.
The plaintiff’s first claim is for recovery of the said sum of $545.37.
The petition further alleges that plaintiff’s resignation on May 23, 1928, was secured by officers of the Government through “ evil influence, persuasive argument, false promises, and misrepresentations ”; that immediately thereafter, and before the resignation had been acted upon, plaintiff wired Frank T. Hines, Director of the Veterans’ Bureau, requesting the withdrawal of the said resignation, and thereafter dispatched numerous other documents to said Frank T. Hines in the same endeavor; that in spite of these numerous requests from plaintiff for the withdrawal of his resignation, and in spite of the further fact that he thereafter, before the acceptance of the resignation, “ reported for work ”, the Veterans’ Bureau, on July 18,1928, notified plaintiff that his resignation was accepted effective May 23, 1928. It is further alleged that the acceptance of the resignation, after plaintiff’s request for its withdrawal, was contrary to law, and contrary to the rules and regulations made and provided for “ removal of civil-service employees ”, and was therefore null and void.
*637 Plaintiff’s second claim is grounded upon these allegations and is for recovery of his salary at the rate of $3,200 per annum from the date of the said resignation to date.
The petition further alleges that plaintiff’s last payment of salary was up to May 16, 1928, and that even if it be assumed that plaintiff’s resignation was valid there is due the plaintiff on salary from May 16, 1928, the date to which he was last paid, to May 23, 1928, the effective date of the resignation, the sum of $50. The plaintiff’s third claim is for the recovery of this amount.
In support of the demurrer it is urged (1) that the suit is against the Veterans’ Bureau and the General Accounting Office jointly, and is not a suit against the United States, and (2) that the petition is multifarious in that the relief sought is not asked in the alternative and that the counts are inconsistent.
While the petition is somewhat awkwardly drawn, we think the United States is the proper party defendant, and the demurrer cannot be sustained on the point that the action is not a suit against the United States.
The petition is drawn in three separate counts, in each of which a separate and distinct cause of action is stated.
The averments of the first count are that the plaintiff on May 23, 1928, resigned as the regional adjudication officer of the Veterans’ Bureau at Milwaukee, and that upon such resignation there was due him the sum of $545.37, representing deductions from his salary which had been credited to the civil-service retirement fund; that the Comptroller General had denied plaintiff’s application for refund of this amount on the ground that an amount in excess of the sum claimed was due to the United States from the plaintiff; and that the plaintiff in fact was not indebted to the United States in any amount. These averments undoubtedly state a cause of action against the United States cognizable in this court. While the plaintiff as a part of the relief sought in the count asks the court to declare the action of the Comptroller General in rejecting his claim for the return of the amount deducted from his salary and *638 credited to tbe civil-service retirement fund null and void, that prayer is mere surplusage. The essence of the relief sought in this count is a money judgment for the amount alleged to be due him. His right to a return, upon resignation, of the funds so deducted and credited is based upon a law of Congress and is a claim which plaintiff has a right to assert in this court. If, as was held by the Comptroller General, there is an amount due the United States from plaintiff, in excess of the $545.37 deducted from his salary and credited to the retirement fund, it can be asserted by the Government as a counterclaim, and the conflicting contentions of the parties can be adjudicated upon trial of the case on the merits.
The third count alleges in substance that there is due the plaintiff on salary from May 16, 1928, the date to which he was last paid, to May 23, 1928, the effective date of. his resignation, the sum of $50. These allegations clearly state a cause of action against the United States within the jurisdiction of the court.
The allegations of the second count are, in effect, that plaintiff’s resignation on May 23, 1928, was procured through misrepresentations and fraud practiced upon him by officers of the Government; that it was withdrawn by plaintiff before its acceptance by defendant, and is consequently null and void, and that by reason thereof plaintiff is entitled to be paid the salary he would otherwise have drawn from May 23, 1928, to date. Obviously these aver-ments do not state a cause of action against the United States within the jurisdiction of the court. The court is without authority to determine the validity of plaintiff’s resignation. His right to receive the salary attached to his position ceased upon the effective date of his resignation, and he can assert no claim to it in this court (O'Neil v. United States, 56 C.Cls. 89; Wilmeth v. United States, 64 C.Cls. 368).
The demurrer is' sustained as to the second count or claim in the petition, and is overruled as to the first and third counts. These counts are not contradictory as to the char- *639 aeter of relief sought, and each states a cause against the United States cognizable in this court.
It is so ordered.
Whaley, Judge; LittletoN, Judge; and GeeeN, Judge,. concur.
Booth, Chief Justice, did not hear this case on account of illness and took no part in its decision.